**VOSS, Plaintiff, v. VOSS, Exrx. et, Defendants.**

Common Pleas Court, Hamilton County.

No. A-147681.   Decided June 20, 1955.

578

Dolle, O'Donnell, Cash, Fee & Hahn, Cincinnati, for plaintiff.

## OPINION

By WEBER, J.:

Arthur H. Voss died, testate, on October 17, 1953. He drew his will without the benefit of counsel. It was executed on July 20, 1945; at the top of the page is the date July 20, 1945. The entire will reads as follows:

"July 20, 1945

LAST WILL AND TESTAMENT OF ARTHUR H. VOSS

It is my will that in the event of my death all my property real and

personal shall be held in trust by the Western Bank & Trust Co. Cincinnati, for a period of 5 years for my daughter Jean Voss Nolan. Said daughter to be paid the interest on said estate for this period and to be given the entire estate outright at the end of 5 years.

In the event of her death before mine, or before the expiration of 5 years from date, provided she dies without children, then my entire estate shall go outright to my sister Luella—brothers Raymond and Clifford and Clara Bollman. 1/6 to Clifford—1/3 to Luella—1/3 to Raymond and 1/6 to Clara Bollman.

If Jean dies before the expiration of said five years leaving a child or children, said estate shall be held in trust for said children for a period of 25 years from date of Jean Voss Nolan's death, the child or children to be paid the interest only and lump sum at expiration of trust.

My daughter to be executrix without bond.

Albert Cash and Edward Wehmer Attorneys.

Signed this 20th. day of July 1945<br>Arthur H. Voss

Witnessed
L. A. Kallies
Stella Schmidt"

The will was probated on November 13, 1953. The defendant, the Fifth-Third Union Trust Company, was appointed Trustee on April 6, 1955. The plaintiff, Jean Voss, the daughter of the testator, on April 19, 1955 filed a suit in partition, she being the owner of an undivided one-half interest in the real estate described in the petition, which was acquired from her mother. She is also the primary beneficiary of the undivided one-half interest in said real estate devised by the will of her father. The defendant, the Fifth-Third Union Trust Company, as Trustee, filed an answer joining in the prayer for partition and also a cross-petition asking for a construction of the provisions of said will and further, if the Court finds there are future contingent interests created by said will, that a sale be made of said real estate under the provisions of §§5303.21 to 5303.31 inclusive, R. C., the so-called Disentailment Statutes.

All possible beneficiaries who are now living have been made parties and have waived service of summons and entered their appearance both to the petition and the cross-petition.

The first four questions involve the meaning of the words "from date" contained in that part of paragraph two which reads

"In the event of her death before mine, or before the expiration of 5 years from date,"
and in the provision in the third and last dispositive paragraph, which reads:

"If Jean dies before the expiration of said five years."

If possible, particularly when the will is drawn by a layman, such interpretation should be made as will harmonize all the provisions of the will and make them effective so that the testator will not die wholly or partially intestate. If the words "from date" be construed to mean from the date of the execution of the will and the date at the top of the page, many contradictions and inconsistencies will result. These

are too numerous to mention; one illustration will suffice. The testator begins the will "in the event of my death." Death is a certain event; only the time and cause are contingent. If given a literal interpretation, the words "in the event" make the will depend upon a contingency and we find that contingency by reference to the words "after date," so that the will would read "If my death occurs within five years after date." The testator survived that period, and consequently if that interpretation is given, the will cannot take effect and the testator died intestate. This result should be avoided if possible.

If he words "after date" are interpreted to mean after the effective date of the will, that is, after the date of the death of the testator, pracically all inconsistencies and contradictions disappear and there is no intestacy either wholly or partially, according to the interpretation of the estates created, hereinafter decided. Is there anything in the language of the will which justifies and in fact requires interpreting the ambiguous words "after date" as referring to the effective date of the will? In the second paragraph the testator creates certain interests in certain relatives in these words: "In the event of her (meaning the daughter and primary beneficiary) death before mine, or before the expiration of 5 years from date." It was possible that the daughter might die at a time which was before the death of the testator and which also before the expiration of five years from date, that is, the alternative contingencies based on time mean practically the same thing. A logical construction is that the testator, by creating contingencies in the alternative, intended distinct contingencies, based upon distinct and opposing periods. The words "five years from date" must be read in connection with the words "before my death" and as opposed thereto, in other words, as a period after his death. In addition thereto, the words "after date" logically refer to the effective date of the will, before which time there is no will.

The following answers are made to the eight questions propounded:

**Question 1.** The date intended is the effective date of the will, that is, five years after the death of the testator.

**Question 2.** The effect of this construction upon the other provisions of the will is to render effective the gift to the daughter, the trust porion of which cannot begin until the death of the testator. Also the contingency "her death within five years after my death" has not yet expired and the limitations over may become effective and the defeasible estate of the daughter has not yet become absolute and any purchaser of the real estate before the expiration of that period would take only a defeasible title.

**Question 3.** Since the daughter has a present vested, although defeasible estate, as hereinafter decided, the trust begins immediately upon the death of the testator. There is nothing in the will requiring a contrary conclusion.

**Question 4.** With reference to the contingency in the third paragraph, "If Jean dies before the expiration of said five years," said period begins at the death of the testator. This period is the same as that provided in the second paragraph; the limitations over being in the alternative, if she dies leaving children or if she dies without leaving

children but necessarily based upon the same point of time. In this limitation over to the children, if any survive her, the contingency "if she dies before me" is omitted; it was not necessary; if her death preceded that of the testator, the gift being to a daughter, if she died before the testator, survived by issue, said issue would take under the lapsed gift statute.

Sec. 2107.52 R. C.; Phillips, Executor, v. McConica, 59 Oh St 1; Flinn, Administrator, v. Brodbeck, et al, 147 Oh St 49.

**Question 5.** The gift over to the children of the daughter will vest, if at all, within five years after the death of the testator; only payment is postponed. The title to the Trustee also will vest, if at all, within that period; the duration of the trust, although more than twenty-five years after the death of the testator, is immaterial since the title will vest, if at all, within the prescribed period. There is no perpetuity and §2131.08 R. C. is not violated.

**Question 6.** The answer to question 5 covers this.

**Question 7.** There can be no partial revocation by cancellation or mutilation in this manner nor can a substitute gift be made in this manner after the execution of the will. If the original provisions can be ascertained, as in this case, they remain affective.

Giffin, et al v. Brooks, 48 Oh St 211; Coghlin v. Coghlin, et al, 79 Oh St 71.

**Question 8.** If the gift over to the children of Jean, daughter of the testator, becomes effective, payment of the income should be made by the trustee to said children in equal proportions and during their minority should be made to the guardian.

In addition to the specific questions asked, the prayer of the cross-petition requires a determination of the estates created by the will, particularly with reference to the validity of the prayer of the petition for partition and the prayer of the cross-petition that the real estate be sold under the provisions of §5303.21 et seq., R. C., so that the purchaser takes an absolute title free from the contingent interests.

The Court holds that Jean Voss, the daughter of the testator, at the death of the testator took a vested interest in the property disposed of by the will, including a one-half interest in the real estate described in these proceedings, subject to the trust for the period of five years commencing at the death of the testator, payment of the principal being postponed for said period. Her interest, though vested, is a feasible fee subject to be defeated, if she dies before the testator, which has not happened, and also subject to be defeated if she dies within the five year period commencing at the death of the testator.

Under paragraph two, two contingencies are specified, each of which is twofold,—(1) death of the daughter, the primary donee, without issue before the death of the testator. This contingency has not happened; if it had happened the limitation over, being upon a contingency which must occur before the death of the testator, would be a substitute gift and not an executory devise. (2) Death of the daughter without issue before the expiration of the five year period after the death of the testator. This contingency has not happened; consequently, there still exists contingent interests in the following persons by way of executory devise, that is, a fee after the defeasible fee of the daughter:

One-sixth to the testator's brother Clifford; One-third to his brother Raymond F.; One-sixth to his sister-in-law Clara Bollman; One-third to Edward Wehmer, only child of the testator's sister, Luella Wehmer. The gift to Luella Wehmer is to a blood relative, and she having predeceased the testator, the gift did not lapse, but goes to the surviving issue.

See Phillips v. McConica; Flinn, Adm. v. Brodbeck, supra.

Although this interest is contingent, the contingency is not that Luella Wehmer shall survive the testator; therefore the donee's death before the death of the testator does not prevent the application of the lapsed gift statute. The other above mentioned donees having survived the testator, and their contingent interest not being dependent upon their surviving the contingency designated, if they should die before the expiration of said five year period, their interest would descend to their heirs at law, such interest being descendible. **Sec. 2131.04 R. C.**

The limitation over to the children of the daughter, is also a contingent executory devise which becomes absolute if the daughter dies before the expiration of said five year period, leaving children. They would take equal shares.

The question arises whether all necessary parties are in the case, and that raises the question whether the unborn children are made parties in the manner required by law, that is, by representation. This question is important with respect to the action for partition and also with respect to the action for construction of the provisions of the will. The test of whether there is virtual representation of an unborn person is usually stated to be that the interest of the living person, who is a party to the suit, is the same as the interest of the unborn person. A more accurate test is whether their interests are conflicting, in the sense that a decision would result in benefit to the party in court at the expense or disadvantage of the unborn. In this case there is no such conflict. The questionable contingency, upon the happening of which one or the other group takes, is the same. If the primary donee dies before the expiration of the specified period without children, the brothers, et al, take. If she dies before the specified period leaving children, the children take. If the daughter survives the specified period, neither group takes. The only contention is to determine what period is specified. Each group is interested in having the same determination and conclusion made, that is, that the five year period has not expired because it begins at the death of the testator. Therefore, it is the opinion of the Court that the unborn are virtually represented by the fact that the brothers, et al, are parties. Whether this conclusion is right is immaterial if the case proceeds under §5303.21 et seq., R. C., which is the only method by which the purchaser may take title free from the contingent interests. This method may be combined with the actions for partition and for instructions.

**Schneider, et al, v. Wolf, et al, 120 Oh St 524.**

Under these provisions only parties in being are necessary parties and this is so because the sale does not eliminate the contingent interests but merely removes them from the real estate, the proceeds

of the sale being held in trust for the possible future beneficiaries and their interest in the proceeds retaining the characteristic of real estate.

The Court holds that if the procedures described by §5303.21 to §5303.31 inclusive, R. C., are followed, a sale may be made at the present time of the real estate described in the pleadings and that the purchaser will take title thereto free from any interests which the beneficiaries designated in paragraph two of the will or any interests which the children, if any, of the daughter of the testator, may have. The proceeds of such sale must be held in trust by the trustee to pay the income therefrom to the primary beneficiary, the daughter of the testator, during the five year period from the death of the testator; if she is living at the end of that period, the trustee will pay to her the principal of the proceeds of the sale; if she is not living at the end of that period, and if she dies without children, the principal of the proceeds of the sale will be paid to the defendants Raymond F. Voss, Clifford W. Voss, Clara Bollman, and Edward Wehmer, or their heirs, in the proportions set forth above. If she dies during said period leaving children, a trustee should pay the income in equal shares to the guardian of said children during their minority and then to the children; after the expiration of twenty-five years from the death of the daughter of the testator, the principal of the proceeds should be paid to said children in equal shares or their heirs.

Please present an entry.